IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA  DIVISION


TOMMIE J. SHANKLIN                                                                    PLAINTIFF

vs.                                           Civil No. 4:08-cv-04021

MICHAEL J. ASTRUE                                                            DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

  Tommie J. Shanklin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

under Titles II and XVI of the Act.

  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F.

Barnes referred this case to the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends that the ALJ's determination be **AFFIRMED.**

**1. Background:**

  Plaintiff protectively filed her application for  DIB and SSI on November 4, 2003.  (Tr. 51-

53, 377-389).[1]  Plaintiff alleged she was disabled due to diabetes, high blood pressure and extremity

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

pain.  (Tr. 79, 378).  Plaintiff alleged an onset date of October 6, 2003.  (Tr. 79).  This application was initially denied on January 14, 2004 and was denied again on reconsideration on May 18, 2004. (Tr. 29-32).

On May 28, 2004, Plaintiff requested an administrative hearing on her application.  (Tr. 45). The hearing was held on November 17, 2005 in Texarkana, Arkansas.  (Tr. 399-428).  Plaintiff was present and was represented by counsel, David Trussell, at this hearing.  *See id.*  Plaintiff testified at this hearing.  Vocational Expert ("VE") Dwight Charles Turner was present but was not called to testify. *See id.*  On the date of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had limited education. (Tr. 402).

On September 16, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI.  (Tr. 12-17).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 6, 2003, her alleged onset date.  (Tr. 14, Finding 2).  The ALJ also determined Plaintiff had the severe impairments of non-insulin dependant diabetes, hypertension, and back pain.  (Tr. 14, Finding 3).

The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 4).

In this decision, the ALJ also stated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 15-16, Finding 5).  The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.  (Tr. 15-16).

2

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC.  (Tr. 14-17, Finding 4). Specifically, the ALJ determined Plaintiff retained the following RFC:

> to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour day; and stand/walk 6 hours in an 8 hour day.

(Tr. 15, Finding 5).  *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined that Plaintiff could perform her Past Relevant Work ("PRW") as a cook, cloths presser, and food process worker.  (Tr. 17, Finding 8).  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since the date Plaintiff's application was filed, until the date of his decision.  (Tr. 17, Finding 9).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 8-9).  On February 21, 2008, the Appeals Council declined to review this determination.  (Tr. 5-7). *See* 20 C.F.R. § 404.984(b)(2).  On March 11, 2008, Plaintiff filed the present appeal.  (Doc. No. 1). Both parties have filed appeal briefs.  (Doc. Nos. 6,7).  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>:**

Plaintiff brings the present appeal claiming the ALJ's decision was not supported by substantial evidence in the record because the ALJ failed to give sufficient consideration to Plaintiff's medical history and failed to consider Plaintiff's complaints of pain.  In response to Plaintiff's arguments, Defendant claims that the ALJ's disability determination is supported by substantial evidence in the record.  This Court will address both of Plaintiff's arguments.

**A.  Consideration to Plaintiff's Medical History**

Plaintiff claims the ALJ decision is not supported by substantial evidence based on his failure to properly consider and review Plaintiff's medical history.  A review of the record shows the ALJ properly reviewed and considered Plaintiff's medical history.

The ALJ discussed a normal physical examination conducted on April 21, 2003 by Dr. Eve Covas, which showed no major complaints.  Plaintiff's blood pressure and diabetes were under control.  (Tr. 169-70).  Plaintiff also had a normal followup physical examination on July 24, 2003.  (Tr. 167).  Plaintiff's diabetes was under good control and Plaintiff had no new complaints.  (Tr. 167).

The ALJ also discussed Plaintiff's evaluation on January 21, 2005 at Medical Park Hospital

for severe menorrhalgi.[2]  (Tr. 349-351).  Plaintiff had a hysteroscopic examination on February 9, 2005 at Medical Park Hospital which disclosed no obvious abnormalities, including polyps or sub-mucous fibroids.  (Tr. 353).

As discussed by the ALJ, the Plaintiff was examined on February 4, 2005,  by Paulo A. Ribeiro, M.D., Ph.D.,  and diagnosed with a non-obstructive coronary artery disease.  (Tr. 370).  On February 17, 2005, Dr. Ribeiro  indicated Plaintiff had mild atherosclerotic coronary artery disease for which medication was prescribed, and indicated Plaintiff, from a cardiac point of view, could lead a normal life.  (Tr. 368).

The ALJ also discussed  a nerve conduction with electromyography (EMG) study performed on December 6, 2005, by Khalid Malik, M.D.  (Tr. 250-252).  This exam confirmed a mild right tibial nerve lesion and nonspecific radiculopathy.  (Tr.  252).

The ALJ, in discussing Plaintiff's medical history, discussed Plaintiff's medications; diabetes being under control; found no evidence of diabetic retinopathy; hypertension was controlled; and, there was no evidence of any health care provider restricting Plaintiff from all work activities.  (Tr. 16).

Although Plaintiff argued certain medical records were not discussed by the ALJ, an ALJ is not required to discuss all the evidence submitted and a failure by the ALJ to cite to specific evidence does not mean it was not considered.  *See Craig v. Apfel*, 212 F. 3d 433, 436 (8th  Cir. 2000).  The ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ did not err in assessing Plaintiff's RFC and  the ALJ properly considered and reviewed Plaintiff's medical history.

---

[2]"Menorrhagia" refers to excessive uterine bleeding occurring during the expected intervals of a woman's menstrual cycle.

### B.  Plaintiff's Complaints of Pain

Plaintiff claims the ALJ erred by discounting her subjective complaints and erred by failing to provide sufficient reasons for discounting her testimony.  (Doc. No. 6, Pages 18-19).  In response, Defendant claims the ALJ properly considered Plaintiff's subjective complaints of pain and other limitations.  (Doc. No. 7, Pages 7-9).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.   The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

7

F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ met the requirements of *Polaski.* In assessing Plaintiff's credibility and evaluating her subjective complaints, the ALJ discounted those complaints for legally-sufficient reasons. Specifically, as noted above, the ALJ evaluated those subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 15). Then, after reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's diabetes was well controlled; (2) Plaintiff was found to be able to lead a normal life from a cardiac standpoint; (3) Plaintiff's hypertension was under control; (4) Plaintiff was capable of performing a wide range of daily activities; and (5) There was no evidence of any health care provider restricting the Plaintiff from all work activities. (Tr. 15-16).

This analysis, and these noted inconsistencies, are sufficient to meet the requirements of *Polaski.* *See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make"). Accordingly,

8

because the ALJ's credibility determination is supported by substantial evidence, the ALJ's credibility determination, and the ALJ's decision to discount Plaintiff's subjective complaints of disabling pain and other limitations should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and the undersigned recommends that the ALJ's disability determination be affirmed.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **4th day of February, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE